GARY M. RESTAINO
United States Attorney
District of Arizona
JARED KREAMER HOPE
Assistant U.S. Attorney
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Attorneys for Plaintiff



☒ FILED      ☐ LODGED

**Jan 24 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Maria Mendoza-Mendoza,<br><br>　　　　　Defendant. | No. CR-18-00078-RCC(MAA)<br><br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

<u>PLEA</u>

The defendant agrees to plead guilty to Count 1 of the Indictment charging the defendant with a violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i), Conspiracy to Transport Illegal Aliens for Profit, a felony.

<u>ELEMENTS OF THE OFFENSE AND SENTENCING FACTOR</u>

1.　　　There was an agreement between two or more persons to commit the offense of transporting illegal aliens in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), that is, there was an agreement that all or some of the co-conspirators, knowing or in reckless disregard of the fact that aliens had come to, entered, or remained in the United States in violation of law, would knowingly transport such aliens within the United States by means of transportation or otherwise, in furtherance of such violation of law.

1       2.    The defendant became a member of the conspiracy knowing that the object

2   of the conspiracy was the transportation of illegal aliens and the defendant intended to

3   accomplish said object for the purpose of private financial gain or commercial advantage.

4   <u>STIPULATIONS, TERMS AND AGREEMENTS</u>

5   <u>Maximum Penalties</u>

6       A violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), and

7   1324(a)(1)(B)(i), is punishable by a maximum fine of $250,000.00, or a maximum term of

8   imprisonment of ten (10) years, or both, plus a term of supervised release of three years

9   and a special assessment of $100.  The special assessment is due and payable at the time

10  the defendant enters the plea of guilty, and must be paid by the time of sentencing unless

11  the defendant is indigent.  If the defendant is indigent, the special assessment will be

12  collected according to Title 18, United States Code, Chapters 227 and 229.

13      According to the United States Sentencing Guidelines (U.S.S.G.) issued pursuant to

14  the Sentencing Reform Act of 1984, the Court shall:

15      1.    Order the defendant to pay a fine pursuant to 18 U.S.C. §§ 3572 and

16  3553, unless the Court finds that a fine is not appropriate; and

17      2.    Order the defendant to serve a term of supervised release when

18  required by statute and may impose a term of supervised release in all other cases, taking

19  into consideration U.S.S.G. § 5D1.1.

20      Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant

21  to pay a $100 special assessment.

22  <u>Agreements Regarding Sentence</u>

23      1.    <u>Guideline Calculations</u>: Although the parties understand that the Guidelines

24  are only advisory and just one of the factors the Court will consider under 18 U.S.C. §

25  3553(a) in imposing a sentence, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties

26  stipulate and agree that the below guideline calculations are appropriate for Count 1 of the

27  Indictment, Conspiracy to Transport Illegal Aliens for Profit, which is a count the

28  defendant is pleading guilty:

- 2 -

| | | |
|---|---|---|
| Base Offense Level: | 2L1.1(a)(3) | 12 |
| Number of Unlawful Aliens (100 or more) | 2L1.1(b)(2)(C) | +9 |
| Minors Unaccompanied | 2L1.1(b)(4) | +4[1] |
| Dangerous Weapon | 2L1.1(b)(5)(C) | +2 |
| Substantial Risk | 2L1.1(b)(6) | +2 |
| Involuntarily Detained | 2L1.1(b)(8)(A) | +2 |
| Organizer | 3B1.1(a) | +4 |
| Acceptance of Responsibility | 3E1.1(a)&(b) | -3 |
| Stipulated Variance: | 18 U.S.C § 3553 | -2 |
| Total Adjusted Offense Level: | | 30 |

2. <u>Sentencing Range</u>:  **The government and the defendant stipulate and agree to a term of imprisonment between 96-120 months.  The parties further stipulate to any variance necessary to reach that sentencing range.**

4.  The defendant may withdraw from the plea agreement if he/she receives a sentence that exceeds the stipulated range listed above.

5.  If the defendant moves for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement.

6.  If the Court, after reviewing this plea agreement, concludes any provision is inappropriate under Fed. R. Crim. P. 11(c)(5), it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw the defendant's guilty plea.

7.  The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty.  Removal and other immigration consequences may be the subject of a separate judicial or administrative proceeding, and the defendant has discussed the direct and collateral implications this plea agreement may have with his or her defense attorney.  Defendant nevertheless affirms that he/she wants to plead guilty

---

[1] The parties agree this enhancement may apply but that the defendant may dispute it at sentencing.

1   regardless of any immigration consequences that this plea may entail, even if the

2   consequence is defendant's automatic removal from the United States.

3       8. The government will move to dismiss the remaining counts of the indictment at

4   the time of sentencing.

5                                   Plea Addendum

6       This written plea agreement, and any written addenda filed as attachments to this

7   plea agreement, contained all the terms and conditions of the plea.  Any additional

8   agreements, if any such agreements exist, shall be recorded in a separate document and

9   may be filed with the Court under seal.  Accordingly, additional agreements, if any, may

10  not be in the public record.

11                      Waiver of Defenses and Appeal Rights

12      The defendant waives any and all motions, defenses, probable cause determinations,

13  and objections that the defendant could assert to the information or indictment, or to the

14  petition to revoke, or to the Court's entry of judgment against the defendant and imposition

15  of sentence upon the defendant providing the sentence is consistent with this agreement.

16  The sentence is in accordance with this agreement if the sentence imposed is within the

17  stipulated range. The defendant further waives: (1) any right to appeal the Court's entry of

18  judgment against defendant; (2) any right to appeal the imposition of sentence upon

19  defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district

20  court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's

21  conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any

22  right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)

23  (except for the right to file a compassionate release motion under 18 U.S.C. §

24  3582(c)(1)(A) and to appeal the denial of such a motion).. The defendant acknowledges

25  that this waiver shall result in the dismissal of any appeal or collateral attack the defendant

26  might file challenging his/her conviction or sentence in this case.  If the defendant files a

27  notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that

28  this case shall, upon motion of the government, be remanded to the district court to

1  determine whether defendant is in breach of this agreement and, if so, to permit the
2  government to withdraw from the plea agreement.  This waiver shall not be constructed to
3  bar a claim by the defendant of ineffective assistance of counsel.

4                              Reinstitution of Prosecution

5         Nothing in this agreement shall be construed to protect the defendant in any way
6  from prosecution for perjury, false declaration or false statement, or any other offense
7  committed by the defendant after the date of this agreement.  In addition, if the defendant
8  commits any criminal offense between the date of this agreement and the date of
9  sentencing, the government will have the right to withdraw from this agreement.  Any
10  information, statements, documents and evidence which the defendant provides to the
11  United States pursuant to this agreement may be used against the defendant in all such
12  proceedings.

13         If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any
14  court in a later proceeding, the government will be free to prosecute the defendant for all
15  charges as to which it has knowledge, and any charges that have been dismissed because
16  of this plea agreement will be automatically reinstated.  In such event, the defendant waives
17  any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth
18  Amendment to the Constitution as to the delay occasioned by the later proceedings.
19  Defendant agrees that the stipulated sentencing ranges set forth under "Agreements
20  Regarding Sentence" will not be offered if prosecution is re-instituted.

21                  Disclosure of Information to U.S. Probation Office

22         The defendant understands the government's obligation to provide all information
23  in its file regarding defendant to the United States Probation Office.  The defendant fully
24  understands and agrees to cooperate fully with the United States Probation Office in
25  providing all information requested by the probation officer.

26

27

28  ///

- 5 -

<u>Effect on Other Proceedings</u>

I further understand that if I violate any of the conditions of my supervised release, my supervised release may be revoked.  Upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

## WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.  I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea.  I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement.  I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

1    I am not now on or under the influence of any drug, medication, liquor, or other

2  intoxicant or depressant, which would impair my ability to fully understand the terms and

3  conditions of this plea agreement.

4

5                    FACTUAL BASIS AND SENTENCING FACTOR

6    I agree that the following facts accurately describe my conduct in connection with

7  the offense to which I am pleading guilty and that if this matter were to proceed to trial the

8  government could prove these facts beyond a reasonable doubt:

9
10    In this case, I was the leader of an alien smuggling organization that coordinated the
       movement of people from Honduras to the US/Mexico border and into the US.
11    These people were moved through the district of Arizona, eventually to a stash
       house operated in Phoenix, Arizona.  As the leader, I coordinated alien smuggling
12    and money laundering events.  A wiretap captured me directing the movement of
       people throughout the United States and receiving payment.
13

14    During search warrants at a stash house, ledgers were recovered that attributed a
       significant number of aliens to me, as well as dollar amounts for those people.
15

16    I was aware the smuggling organization trafficked over 100 people and that these
       people were detained at a "stash house" until their smuggling fees were paid.  I made
17    statements that I would "bleed out" a guide as punishment and demanded that a
       migrant whose family did not pay his smuggling fee to be sent back to Tucson to be
18    thrown "back in the desert."
19

20    It was foreseeable that the smuggling organization in the United States possessed
       firearms and that the smuggling involved dangerous risks to the persons smuggled.
21

22                    **DEFENDANT'S APPROVAL AND ACCEPTANCE**

23    I have read each of the provisions of this Plea Addendum, as well as those of the

24  Plea Agreement, with the assistance of counsel and understand all of the provisions

25  contained in both documents. I agree to all of the terms of cooperation. I understand that

26  both the Plea Agreement as well as this Plea Addendum constitute the entire agreement

27  with the United States and that any terms of the Plea Agreement not specifically covered

28  by this Plea Addendum remain in effect. There are no additional terms or understandings

- 7 -

1  outside the two documents.

2      I am not now on or under the influence of any drug, medication, liquor, or other

3  intoxicant or depressant, which would impair my ability to fully understand the terms and

4  conditions of this agreement.

5

6  _28  dpiciendre23_____         _maria Mendoza M_____

          Date                            Maria Mendoza-Mendoza
7                                          Defendant

8              **DEFENSE ATTORNEY'S APPROVAL**

9      I have discussed this case and the Plea Agreement, together with this Plea Addendum,

10 with my client in detail and have advised the defendant of all matters within the scope of

11 Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for

12 and the nature of the offense to which the guilty plea will be entered, possible defenses,

13 and the consequences of the guilty plea including the maximum statutory sentence possible.

14 I have further discussed the sentencing guideline concept with the defendant.   No

15 assurances, promises, or representations have been given to me or to the defendant by the

16 United States or by any of its representatives which are not contained in the Plea Agreement

17 and this Plea Addendum.

18      I concur in the entry of the plea as indicated above and on the terms and conditions

19 set forth in the Plea Agreement and this Plea Addendum as in the best interests

20 of my client.  I agree to make a bona fide effort to ensure that the guilty plea is entered in

21 accordance with all the requirements of Fed. R. Crim. P. 11.

22

23 _12/28/2023_____          _____

          Date                            Todd Romero
24                                         Attorney for Defendant

25

26              **UNITED STATES' APPROVAL**

27      I have reviewed this matter and the plea agreement.  I agree on behalf of the United

28

- 8 -

States that the terms and conditions set forth are appropriate and are in the best interests of justice.

        GARY M. RESTAINO
        United States Attorney
        District of Arizona

Digitally signed by
JARED KREAMER HOPE
Date: 2024.01.09
13:42:26 -07'00'

Date   _____

        JARED KREAMER HOPE
        Assistant U.S. Attorney